UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JENNIFER LEE GARZA,** | § | |
| Plaintiff, | § | |
| | § | |
| v | § | Civil Action No. \_\_7:20-CV-304_____ |
| | § | |
| **PRESTIGE HOME CARE** | § | |
| **SERVICES, LLC,** | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331 and 1446, PRESTIGE HOME CARE SERVICES, LLC ("Defendant"), Defendant in the above-captioned lawsuit, removes this lawsuit from the County Court at Law No. 7 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support hereof, Defendant respectfully states as follows:

### I.
### State Court Action

1. On July 21, 2020, Plaintiff Jennifer Lee Garza ("Plaintiff") filed her Original Petition[1] in the County Court at Law No. 7 of Hidalgo County, Texas and assigned cause number CL-20-2848-G on the docket of said Court. In her Original Petition, Plaintiff alleges employment discrimination by Defendant under the Texas Labor Code § 21.001, *et seq*. *See* Plt's Orig. Pet., attached hereto as Exhibit A-1.

2. Defendant filed a Motion to Transfer Venue and Original Answer and Affirmative Defenses Subject Thereto on August 27, 2020.

---

[1] Any reference to Plaintiff's Original Petition is made for the limited purpose only of illustrating the nature of Plaintiff's allegations, but without admitting to the truth of those allegations, which are denied.

3. On September 16, 2020, Plaintiff filed and served on Defendant's counsel her First Amended Petition, adding a claim of pregnancy discrimination based on federal law, namely Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1 *et seq* ("Title VII") and the Pregnancy Discrimination Act of 1978, as amended, 42 U.S.C. § 2000e(k) ("PDA"). *See* Plt's First Amended Pet., attached hereto as Exhibit A-2.[2] In so doing, Plaintiff made the State Action removable, as shown below.

4. Removal of this action is timely as Defendant files this Notice of Removal within thirty (30) days of the date on which the action became removable, when Plaintiff served Defendant with a copy of her First Amended Petition. *See* 28 U.S.C. § 1446(b)(1).

## II.
## Federal Question Jurisdiction

5. Removal is proper under this Court's federal question jurisdiction and supplemental jurisdiction. 28 U.S.C. §§ 1331 and 1367. A party may remove a pending state court action to federal district court if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a).

6. Plaintiff's First Amended Petition pleads a federal cause of action by alleging pregnancy discrimination in violation of Title VII and the PDA. Pursuant to 28 U.S.C. § 1331, this District Court has original jurisdiction over this action because it arises under the laws of the

---

[2] Any reference to Plaintiff's First Amended Petition is made for the limited purpose only of illustrating the nature of Plaintiff's allegations, but without admitting to the truth of those allegations, which are denied.

United States. Likewise, this District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim for discrimination, brought under Tex. Labor Code Sec. 21.001, because it is based upon the same alleged facts as her federal claim. Plaintiff's First Amended Petition pleads her federal and state causes of action in the same count and relies upon the same operative facts surrounding Plaintiff's employment with and discharge from Defendant. *Compare* Ex. A-1 *with* Ex. A-2 (alleging substantially the same statement of facts). Thus, Plaintiff's state law claim forms part of the same case or controversy as Plaintiff's federal claim under Title VII and the PDA.

7.  Accordingly, removal is appropriate under 28 U.S.C. § 1441 because this Court has original jurisdiction over Plaintiff's claim under Title VII and the PDA, supplemental jurisdiction over Plaintiff's state law claim, and all other prerequisites for removal of this case to the United States District Court for the Southern District of Texas have been fulfilled.

8.  Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the County Court at Law of Hidalgo County, Texas, where the State Court Action was filed and is pending. *See* 28 U.S.C. § 124(b)(7); *see also* 28 U.S.C. §§1391 and 1441(a), (b).

9.  As required by 28 U.S.C. § 1446(a), copies of (i) the state court docket sheet and (ii) all executed process, pleadings, and orders served on Defendant are attached to this Notice of Removal. *See* Index of Removal Documents, collectively attached hereto as Exhibit "A".

10. Furthermore, immediately after filing this Notice of Removal, as required by 28 U.S.C. § 1446(d), Defendant will file a *Notice of Filing Notice of Removal* with the County

Court at Law No. 7 of Hidalgo County, Texas, a true and correct copy of which is attached hereto as Exhibit "B" (without attachments).

11. Finally, a separately signed *Certificate of Interested Persons* is being filed contemporaneously with this Notice of Removal.

## PRAYER

In accordance with the requirements set forth in 28 U.S.C. §§ 1331, 1441(b)(1), and 1446, Defendant respectfully requests that the United States District Court for the Southern District of Texas, McAllen Division, accept this Notice of Removal, assume jurisdiction of this lawsuit, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

 */s/ Raymond A. Cowley*
**Raymond A. Cowley**
Attorney-In-Charge
SBN No. 9642
Texas State Bar No. 04932400
**DYKEMA GOSSETT PLLC**
1400 North McColl Road, Ste. 204
McAllen, Texas 78501
Telephone:  (956) 984-7400
Facsimile:   (956) 984-7499
Email:  rcowley@dykema.com

**ATTORNEY FOR DEFENDANT,**
**PRESTIGE HOME CARE SERVICES, LLC**

4839-2585-0316.4

## **CERTIFICATE OF SERVICE**

    I certify that on the 2nd day of October, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and served it on the following counsel of record via email:

Carlos E. Hernandez Jr.
Law Office of Jose G. Gonzalez
4129 N. 22nd St., Suite 3
McAllen, Texas 78504
(956) 731-4324 - Telephone
(956) 731-4327 – Facsimile
VIA E-MAIL:  carlos.hernandezjr@gmail.com

                                             */s/ Raymond A. Cowley*
                                              Raymond A. Cowley

4839-2585-0316.4